IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Brandon Smith, | ) | C.A. No.: 4:21-cv-04092-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| State of South Carolina Department of Natural Resources, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III ("Report" or "Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(g) of the District of South Carolina.[1] (DE 19.) Brandon Smith ("Smith"), who is employed by Defendant State of South Carolina Department of Natural Resources ("DNR"), alleges that he suffered discrimination, retaliation, and a hostile work environment because of his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq. (DE 1.) DNR filed a Motion to Dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., and lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P., based on DNR's sovereign immunity.[2] (DE 5.) Smith filed a response in opposition to the Motion to Dismiss. (DE 10.) DNR filed a reply. (DE 15.)

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2]     Notwithstanding the Court's adoption of the Report, although not specifically addressed, the Court equally notes that Defendant's Eleventh Amendment immunity defense may be properly raised as a Rule

1

Thereafter, the magistrate judge issued a Report recommending this Court grant Defendant's Motion to Dismiss for lack of subject matter jurisdiction because "Defendant is an arm of the state and is entitled to sovereign immunity as to Plaintiff's claims for money damages under the ADEA." (DE 19, p. 5.) For the reasons stated below, the Court adopts the Report and Recommendation and grants Defendant's Motion for Dismiss.

## BACKGROUND

Smith is employed by DNR as a Conservation Officer. (DE 1, ¶¶ 6, 25.) Smith alleges that, over the course of his employment, he has applied for five different promotions and was denied each promotion based on his age. (DE 1, ¶¶ 30-32.) Smith made a formal complaint of age discrimination with DNR and was subsequently denied another promotion to an investigator position. (DE 1, ¶ 53.) Smith filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging discrimination based on age on January 21, 2021, and received a Notice of Right to Sue on October 6, 2021. (DE 1, ¶¶ 11-16.) Plaintiff filed the present action on December 20, 2021. (DE 1.)

---

12(b)(1) subject matter jurisdiction motion. "Eleventh Amendment immunity has attributes of both subject-matter jurisdiction and personal jurisdiction." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). It is like subject matter jurisdiction in that it may be raised at any time, but resembles personal jurisdiction in that it may be waived by the state. See Id. As a result, "the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so." Id. at 481 (citing Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997) ("The Amendment, in other words, enacts a sovereign immunity from suit, rather than a non-waivable limit on the Federal Judiciary's subject-matter jurisdiction.")).

"Although subject matter jurisdiction and sovereign immunity do not coincide perfectly, there is a recent trend among the district courts within the Fourth Circuit to consider sovereign immunity under Rule 12(b)(1)." Trantham v. Henry Cnty. Sheriff's Office, 4:10–cv–00058, 2011 WL 863498 (W.D.Va. Mar. 10, 2011) aff'd, 435 Fed.Appx. 230 (4th Cir. 2011). Therefore, consistent with the Report, the Court will consider this motion pursuant to Rule 12(b)(1).

On January 10, 2022, Defendant filed its motion to dismiss asserting "that the Court lacks subject matter jurisdiction over the claims because DNR is entitled to sovereign immunity and that the Complaint fails to state a valid claim." (DE 5, p. 1.) Plaintiff filed a response arguing, among other things, waiver of immunity and violations of State and Federal law claims other than the ADEA. On March 30, 2022, the magistrate judge issued a Report and Recommendation recommending Defendant's Motion to Dismiss be granted and the action be dismissed. (DE 19.) Plaintiff filed objections to the Report and Recommendation raising similar defenses and arguments advanced in opposition to the Motion to Dismiss. (DE 20.)

## DISCUSSION

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute.*'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any

explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Smith's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, Smith makes several specific objections addressed seriatim. First, Smith objects to the Report's finding that his claims are barred by sovereign immunity. (DE 20, p. 2.) However, Smith does not offer any case law to support his position. In contrast, the Report points out, "The Supreme Court has held that Congress's attempt to exercise its power to abrogate a state's Eleventh Amendment immunity in enacting the ADEA was invalid, and, thus, states enjoy immunity from suit in this court for claims arising under the ADEA. [Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000)]; see also Ramos v. Berkeley County, No. 2:11-3379-SB, 2012 WL 5292895 (D.S.C. Oct. 25, 2012)." (DE 19, p. 3.) Accordingly, Plaintiff has not raised a factual or legal issue for the Court to review regarding the applicability of Defendant's immunity defense under the ADEA.

Next, Smith seems to assert that he has made a sufficient claim for violation of South Carolina anti-discrimination laws. Again, the Report addressed this argument and states, "even if Plaintiff had asserted a state law discrimination claim for damages, it would likewise be barred by sovereign immunity. See Pennhurst State [Sch.] & [Hosp.] v. Halderman, 465 U.S. 89, 121 (1984) (finding that the Eleventh Amendment barred state law claims brought in federal court under pendent jurisdiction)." (DE 19, p. 6.) To the extent Plaintiff believes South Carolina's anti-discrimination laws have been violated (absent a federal question or diversity jurisdiction), Plaintiff's recourse is in state court not federal court. Since the Report properly addressed this objection and Smith merely disagrees with the Report's analysis and conclusion, this Court

overrules this objection. See Nichols, 100 F. Supp. 3d at 497 ("Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review.").

Smith also claims the Report fails to account for Fox v. Coll. of Charleston, which Smith purports stands for the proposition that the College of Charleston, as an arm of the State, is not entitled to sovereign immunity. No. CV 2:17-483-RMG, 2017 WL 2937595 (D.S.C. July 10, 2017). However, that case involved a procedural fact not present here – removal. Fox, as it relates to sovereign immunity, turned on "removal waiv[ing] the state's Eleventh Amendment Immunity." Id. at 2. The Report ably distinguished this case, and, therefore, the Court overrules this objection. Next, Smith objects to the Report on the basis that DNR waived sovereign immunity by virtue of its "own policies and procedures, the Statute, and the South Carolina Human Affairs Commission findings." (DE 20, p. 4.) However, Smith fails to provide any further facts or details as to the specific policies and procedures, or any Statute or South Carolina Human Affairs Commission findings. Therefore, the Court overrules this objection. Lastly, Smith summarily alleges DNR waived its sovereign immunity and that individual employees are not entitled to qualified immunity; however, Smith fails to point to any factual support for this allegation. Therefore, the Court overrules this objection without further discussion.

Since the Report properly addressed the objections where warranted, and Smith merely disagrees with the Report's analysis and conclusion, this Court overrules Smith's objections.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss (DE 5) is granted, and this action is dismissed.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
May 31, 2022

6